This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 30,440**

**GABRIEL AYALA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his sentence, in particular the district court's finding that the crimes were serious violent offenses for the purposes of Earned Meritorious Deductions Act, NMSA 1978, § 33-2-34 (2006). In our second notice, we proposed to affirm the sentence. Defendant has timely responded. Not persuaded by his arguments, we affirm.

In our second notice, we proposed to conclude that the district court had made sufficient findings on the record to support its conclusion that the crimes were serious violent offenses. In responding to our proposal, Defendant has provided citations to the CD of the sentencing hearing. Based on that record, he contends that the district court did not make findings sufficiently explanatory to support its conclusion.

There is no question that the injuries to the child were physically violent. What Defendant contests is that his actions were committed "with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Loretto*, 2006-NMCA-142, ¶ 11, 140 N.M. 705, 147 P.3d 1138 (internal quotation marks and citation omitted). He contends that there is no finding from the judge indicating the basis for concluding that Defendant acted with intent or recklessness.

We disagree. We recognize that Defendant presented expert evidence at trial that he was incapable of forming specific intent at the time that the child was abused. [MIO 3] However, there was evidence presented that the abuse had occurred over some period of time as some fractures were older than others. [MIO 4] Thus, there was some showing of past conduct to support a finding that Defendant knew what he was doing. *See State v. Montoya*, 2005-NMCA-078, ¶ 7, 137 N.M. 713, 114 P.3d 393 (indicating that courts may use evidence of past conduct to show that a defendant knew the consequences of his conduct or that his conduct was reckless in the face of that knowledge). Further, the district court stated on the record that Defendant's "total loss of control" that he must have had to inflict the injuries was unforgiveable. [MIO 5]

In the face of the evidence of prior abuse of the child and the district court's acknowledgment of Defendant's lack of control in causing such horrific injuries, we conclude that the district court adequately explained why it was finding that the offenses here were serious violent offenses. *See State v. Worrick*, 2006-NMCA-035, ¶ 8, 139 N.M. 247, 131 P.3d 97 (noting that the district court is not required to use specific terminology in its findings).

For the reasons stated herein and in the second notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**